UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD J. LYMAN, WILLIAM F. WELD, and ROBERT D. CAPODILUPO,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; and WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>　　　　　Defendants. | CIVIL ACTION<br>NO. 18-10327-PBS |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendants respectfully move to dismiss the Complaint. As grounds for this motion, defendants state as follows:

1. Plaintiffs are three voters in Massachusetts, two of whom are registered Republicans and one of whom is a registered Libertarian. They filed this action on February 21, 2018, challenging Massachusetts's "winner-take-all" method for selection of presidential electors, pursuant to Mass. Gen. Laws c. 53, § 8, 1st para. They claim that this method – which 47 other States and the District of Columbia also use – violates the "one person, one vote" principle of the Equal Protection Clause, as well as the First Amendment right to freedom of association. *See* Compl. ¶¶ 54-58. They seek declaratory and injunctive relief requiring the Commonwealth to implement a "proportional" system by which electors would be allocated to

the presidential candidate of each respective political party based on the number of votes cast statewide in favor of the electors supporting each presidential candidate.

2.     All of plaintiffs' claims should be dismissed under Rule 12(b)(1) because they fail to establish a concrete or particularized injury-in-fact under Article III.  Plaintiffs allege that Massachusetts's winner-take-all method "distorts presidential campaigns and facilitates outside interference in our elections," *see* Compl. ¶ 8, but such generalized grievances do not constitute a sufficiently personalized, concrete injury to confer standing.  Plaintiffs further allege that their votes for electors pledged to losing presidential candidates "do not count toward the selection of Electors" in Massachusetts, *id.* ¶ 43, and that they are deprived of "meaningful representation in the final vote count for the President (and Vice President) of the United States," *id.* ¶ 17, but those alleged injuries are shared by all voters who vote for the electors of candidates who do not win a plurality, and injuries shared with the general voting population do not satisfy Article III.

3.     The Court also lacks jurisdiction under Article III because plaintiffs' claims are not redressable in this judicial forum.  The Constitution confers plenary authority on state legislatures, not the federal courts, to determine how to select electors in the manner that each state deems will best serve its citizens' interests.  *See* U.S. Const. art. II, § 1.  And even if this Court were to issue an injunction requiring Massachusetts to adopt a proportional method of selecting its 11 electors, that order would not affect the laws of 47 other states and the District of Columbia and thus would do nothing to eliminate the claimed "outsized political influence" of the "battleground" States, *see* Compl. ¶ 8.

4.     In addition to their jurisdictional defects, all of plaintiffs' claims should be dismissed under Rule 12(b)(6) because Massachusetts's winner-take-all system does not violate plaintiffs' right to equal protection or right to freedom of association.  The "one person, one

vote" principle of the Equal Protection Clause requires that a State may not apportion legislative seats in a manner that results in making a vote worth more in one geographical area or legislative district than a voter in another area or district, and it also prohibits a State from depriving voters of their rights based on invidious discrimination.  Massachusetts's winner-take-all system satisfies those standards because every vote cast for presidential electors in Massachusetts is given equal weight in determining which presidential candidate receives the most votes and is awarded the State's slate of electors, and because plaintiffs do not and cannot allege invidious discrimination.

5. The same claims made by plaintiffs here were rejected in *Williams v. State Bd. of Elections*, 288 F. Supp. 622 (E.D. Va. 1968) (three-judge court), *aff'd per curiam*, 393 U.S. 320, *reh'g denied*, 393 U.S. 1112 (1969), and the Supreme Court's summary affirmance in *Williams* remains binding precedent.  The case law cited by plaintiffs, including *Bush v. Gore*, 531 U.S. 98 (2000), does not undermine the controlling force of *Williams*.

6. The winner-take-all system also does not violate plaintiffs' right to freedom of association.  Plaintiffs do not allege that appointing electors by a statewide winner-take-all system has the effect of limiting candidates' access to the ballot and thereby limiting plaintiffs' ability to express their political preferences.  Nor do they allege that the winner-take-all method has any effect on the associational rights of political parties in Massachusetts to determine their structure, engage in political activities, or select their leaders.  The fact that plaintiffs' preferred presidential candidates may not always win a plurality of the vote in Massachusetts does not amount to a violation of their right to freedom of association.

WHEREFORE, for these reasons and the reasons set forth in their supporting memorandum of law, defendants respectfully request that the Court dismiss the Complaint in its entirety.

        Respectfully submitted,

        GOVERNOR CHARLES D. BAKER and
        SECRETARY WILLIAM F. GALVIN,

        By their attorneys,

        MAURA HEALEY
        ATTORNEY GENERAL

        /s/ Amy Spector
        Robert E. Toone, BBO #663249
        Juliana deHaan Rice, BBO #564918
        Amy Spector, BBO #557611
        Assistant Attorneys General
        One Ashburton Place
        Boston, Massachusetts  02108
        (617) 963-2076
        amy.spector@state.ma.us

Dated:  May 21, 2018

Certification Pursuant to Local Rule 7.1(A)(2)

    I certify that counsel for defendants conferred with counsel for plaintiffs on May 18, 2018 but were unable to resolve or narrow the issues presented in the motion.

        /s/ Amy Spector
        Amy Spector

Certificate of Service

    I hereby certify that the above motion, which I filed electronically through the Court's electronic case filing system on May 21, 2018, will be sent electronically to all parties registered on the Court's electronic filing system.

        /s/ Amy Spector
        Amy Spector