Case 2:18-cv-01422-CBM-AS Document 83 Filed 09/21/18 Page 1 of 8 Page ID #:494
Case 1:18-cv-10327-PBS Document 50-1 Filed 09/24/18 Page 1 of 8

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAUL RODRIGUEZ; ROCKY CHAVEZ; LEAGUE OF UNITED LATIN AMERICAN CITIZENS; and CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS,<br><br>Plaintiffs,<br><br>vs.<br><br>JERRY BROWN, in his official capacity as Governor of the State of California; and ALEX PADILLA, in his official capacity as Secretary of State of the State of California,<br><br>Defendants. | Case No. 2:18-cv-001422-CBM-ASx<br><br>ORDER RE: DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

The matter before the Court is Defendants Jerry Brown and Alex Padilla's (collectively, "Defendants'") Motion To Dismiss the Complaint For Declaratory and Injunctive Relief pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (Dkt. No. 57, the "Motion".)

### I. BACKGROUND

This action challenges California's "winner-take-all" ("WTA") method of selecting Presidential Electors. The Complaint asserts two causes of action: (1) violation of the Fourteenth Amendment's "one person, one vote" principle; and (2) violation of associational rights under the First and Fourteenth Amendments. The

-1-

1  Complaint seeks a declaratory judgment that California's WTA method of selecting
2  Electors violates the First and Fourteenth Amendments to the United States
3  Constitution; and an order permanently enjoining the use of the WTA method (or
4  other non-representational methods, such as selection by Congressional District
5  vote) of selecting Electors in presidential elections. (Compl., Prayer for relief ¶¶
6  1.a-c.)

## II. STATEMENT OF THE LAW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Twombly*, 550 U.S. at 555.

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of proof that jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## III. DISCUSSION

A. **Request for Judicial Notice**

Defendants request that the Court take judicial notice of:

1. Exhibit 1: Complaint filed in *Lyman v. Baker*, No. 1:18-cv-10327 (D. Mass. Feb. 21, 2018);

2. Exhibit 2: Complaint filed in *Baten v. McMaster*, No. 2:18-cv-00510 (D.S.C. Feb. 21, 2018);

3. Exhibit 3: Complaint filed in *League of United Latin American Citizens v. Abbott*, No. 5:18-cv-00175 (W.D. Tex. Feb. 21, 2018); and

4. Exhibit 4: Motion to dismiss filed in *League of United Latin American Citizens v. Abbott*, No. 5:18-cv-00175 (W.D. Tex., Apr. 9, 2018).

(Dkt. No. 57-1.) The Court **GRANTS** Defendants' request to take judicial notice of the fact that the above-referenced pleadings were filed, but not for the truth of the contents therein. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

B. **"One Person, One Vote" / Equal Protection – Fourteenth Amendment**

The Complaint alleges California's WTA method of selecting Electors whereby the whereby the political party of the leading candidate among California's voters selects every Elector results in a "cancellation" of the vote of other California citizens and renders their vote "meaningless," in violation of citizens' constitutional right to an equal vote in the presidential election. (Compl. ¶¶ 2-4, 7.) Plaintiffs argue California's WTA system therefore violates the "one person, one vote" principle "by discarding the votes of millions of Californians in each election cycle before those votes can affect the actual Presidential race" because votes which do not support the plurality candidate receive no Electoral College votes.

Plaintiffs' Fourteenth Amendment challenge to California's WTA method based on the "one person, one vote" principle of the equal protection clause is foreclosed by the Supreme Court's decisions in *McPherson v. Blacker*, 146 U.S. 1

(1892), and *Williams v. Virginia State Board of Elections*, *Williams*, 288 F. Supp. 622, 629 (E.D. Va. 1968) ("Virginia's [winner-take-all] design for selecting presidential electors does not disserve the Constitution"), *aff'd*, 393 U.S. 320, 89 S. Ct. 555, 21 L. Ed. 2d 517 (1969). As stated by the Supreme Court in *McPherson*: "If presidential electors . . . are elected in districts where each citizen has an equal right to vote, the same as any other citizen has, no discrimination is made." 146 U.S. at 40. Here, Plaintiffs do not allege California citizens do not have an equal right to vote for presidential electors. Moreover, as recognized in *Williams*, which was summarily affirmed by the Supreme Court, a state's selection of presidential electors on a "winner take all basis" does not violate the "one person, one vote" principle of the Fourteenth Amendment because "[i]n the selection of electors, the [winner take all] rule does not in any way denigrate the power of one citizen's ballot and heighten the influence of another's vote." 299 F. Supp. at 627.

Plaintiffs contend *McPherson* and *Williams* are distinguishable because: (1) those cases were decided during a time when Electors were the candidates listed on the ballot and voters were voting for Electors, whereas now the Presidential candidates are listed on the ballot and voters are voting for the President; and (2) those cases did not address whether "discarding of votes for the President through the WTA method of allocating Electors at an intermediate step in a two-step election violates the Equal Protection Clause of the Fourteenth Amendment." The Complaint alleges California voters do not vote for Electors, but instead vote for the President in two steps: first, California voters cast their votes for the President, and second, California counts those votes and allocates to the winning candidate all of its 55 Electors. (*See* Compl. ¶¶ 3, 13, 31, 37.)

However, Plaintiffs' characterization of California's WTA method as a two-step process for voting for the President is inconsistent with the Constitution. Article II of Section 1 of the Constitution provides: "Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to

-4-

the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector." U.S. Const. art. II, § 1. The Twelfth Amendment prescribes the method Electors shall vote for the President. U.S. Const. amend. XII; *see also* Cal. Elec. Code § 6906 ("The electors, when convened, if both candidates are alive, ***shall vote by ballot for that person for President*** and that person for Vice President of the United States, who are, respectively, the candidates of the political party which they represent, one of whom, at least, is not an inhabitant of this state.") (Emphasis added.). Therefore, California voters vote for Electors, and Electors vote for the President. *See Bush v. Gore*, 531 U.S. 98, 104 (2000) ("[T]he state legislature's power to select the manner for appointing electors is plenary; it may, if it so chooses, select the electors itself, which indeed was the manner used by state legislatures in several States for many years after the framing of our Constitution. History has now favored the voter, and in each of the several States the citizens themselves ***vote for Presidential electors***.") (emphasis added); U.S. Const. amend. XII; Cal. Elec. Code § 6906.[1]

The Court is bound by the Supreme Court's decision in *McPherson* and the Supreme Court's summary affirmance of *Williams*,[2] and thereby holds Plaintiff fails to state a claim for violation of the equal protection clause under the Fourteenth Amendment.[3]

---

[1] *See also Porter v. Bowen*, 518 F.3d 1181, 1183-84 (9th Cir. 2008) (Kleinfeld, J., dissenting from denial of reh'g); *Graham v. Fong Eu*, 403 F. Supp. 37, 46-47 (N.D. Cal. 1975), *aff'd*, 423 U.S. 1067 (1976).

[2] Summary affirmances "prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Mandel v. Bradley*, 432 U.S. 173, 176 (1977).

[3] *See Williams v. North Carolina*, 2017 WL 4936429 (W.D.N.C. Oct. 2, 2017), *report and recommendation adopted* 2017 WL 4935858 (W.D.N.C. Oct. 31, 2017);

Plaintiffs contend the Supreme Court's decision in *Gray v. Sanders*, 372 U.S. 368 (1963), "controls this case," and requires a finding that California's WTA method is unconstitutional irrespective of *McPherson* and *Williams* because California's WTA method "results in millions of Californians casting a ballot for the President only to have their votes discarded before they can actually affect the outcome."

*Gray*, however, does not supersede *Williams* because it was decided six years before *Williams*. Moreover, *Gray* dealt with Georgia's use of the county unit system for election of Senators and the Seventeenth Amendment—it did not involve a constitutional challenge to the use of the Electoral College for the Presidential Election pursuant to the Twelfth Amendment. In *Gray*, the Supreme Court emphasized that the Seventeenth Amendment provides the Senate of the United States must be composed of two Senators from each State, elected "by the people," and therefore use of a winner take all method for electing senators was unconstitutional. 372 U.S. at 380-81; *see also* U.S. Const. amend. XVII. The Twelfth Amendment, however, does not contain similar language regarding the election of the President "by the people," and instead provides that "Electors shall meet in their respective states and vote by ballot for President and Vice-President." U.S. Const. amend. XII. The Supreme Court recognized the distinction between elections of Senators vs. Presidential elections in *Gray*, noting "[t]he inclusion of the electoral college in the Constitution, as the result of specific historical concerns, ***validated the collegiate principle despite its inherent numerical inequality***, but

---

*Conant v. Brown*, 248 F. Supp. 3d 1014, 1024 (D. Or. 2017); *Schweikert v. Herring*, 2016 WL 7046845, at *2 (W.D. Va. Dec. 2, 2016); *New v. Pelosi*, 2008 WL 4755414, at *2 (S.D.N.Y. 2008); *Lowe v. Treen*, 393 So. 2d 459, 461 (La. Ct. App. 1980); *Trinsey v. United States*, 2000 WL 1871697, at *2 (E.D. Pa. Dec. 21, 2000); *Hitson v. Baggett*, 446 F. Supp. 674, 676 (M.D. Ala.), *aff'd*, 580 F.2d 1051 (5th Cir. 1978).

implied nothing about the use of an analogous system by a State in a statewide election. . . **The only weighting of votes sanctioned by the Constitution** concerns matters of representation, such as the allocation of Senators irrespective of population and ***the use of the electoral college*** in the choice of a President." *Gray*, 372 U.S. at 378, 380 (emphasis added).[4]

Furthermore, *Gray* involved geographic discrimination, which Plaintiffs have not alleged in the instant case. *See id*. at 380-81; *Gordon v. Lance*, 403 U.S. 1, 4-5 (1971). Here, the Complaint does not allege California's WTA method is discriminatory because it values votes within a particular geographic location within California over votes from other geographic locations within the state. Therefore, *Gray*'s holding regarding geographic discrimination is not applicable here since no geographical discrimination is alleged.

Accordingly, Plaintiffs' equal protection claim under the Fourth Amendment is foreclosed by *McPherson* and *Williams* and fails as a matter of law.

**C.     Associational Rights – First & Fourteenth Amendments**

The Complaint also alleges California's use of the WTA method for selecting presidential electors "deprives Plaintiffs of their First and Fourteenth Amendment associational rights based solely on Plaintiffs' political association and expression of political views at the ballot box" because it "discards Plaintiffs' votes for President, limiting Plaintiffs' ability to express their political preference" and "dilutes the power of the Republican and third-party voters in California." (Compl. ¶¶ 43, 44, 46.)

Because the Supreme Court summarily affirmed a state's use of the WTA method in selecting presidential electors as constitutional in *Williams*, the Court also grants Defendants' Motion to dismiss Plaintiffs' associational rights claim under the

---

[4] *See also Pelosi*, 2008 WL 4755414, at *2; *Trinsey*, 2000 WL 1871697, at *2; *Penton v. Humphrey*, 264 F. Supp. 250, 251 (S.D. Miss. 1967).

-7-

First and Fourteenth Amendment. *See Williams*, 288 F. Supp. at 629 ("Virginia's [winner-take-all] design for selecting presidential electors does not disserve the Constitution"), *aff'd*, 393 U.S. 320 (1969); *see also Schweikert*, 2016 WL 7046845, at *2.[5]

### D. Non-Justiciable Political Question

Defendants also contend the Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction because Plaintiffs' claims present "a nonjusticiable political question" "[t]o the extent Plaintiffs simply disagree with the policy choice made by the California legislature pursuant to Article II, section 1 of the Constitution and ask this Court to impose a different choice" and "limit the States' roles as politically sovereign entities in the selection of presidential electors." The Supreme Court, however, rejected a similar contention in *McPherson*. *See McPherson*, 146 U.S. at 23; *see also Rhodes*, 393 U.S. at 28.

Therefore, the Court the Court denies Defendants' Motion to Dismiss pursuant to Rule 12(b)(1).

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion To Dismiss the Complaint for failure to state a claim pursuant to Rule (12)(b)(6), and dismisses the Complaint with prejudice.[6]

**IT IS SO ORDERED.**

DATED: September 21, 2018.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[5] *See also Gray*, 372 U.S. at 380; *Pelosi*, 2008 WL 4755414, at *2; *Trinsey*, 2000 WL 1871697, at *2.

[6] Because Plaintiffs' claims fail as a matter of law, amendment would be futile.

-8-